**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-11736

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

FLOYD BOSTIC,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:24-cr-00012-RH-MAF-4

_____

Before LUCK, LAGOA, and WILSON, Circuit Judges.

PER CURIAM:

Defendant-Appellant Floyd Bostic appeals his convictions for conspiracy to commit wire fraud, aiding and abetting wire fraud, aiding and abetting aggravated identity theft, conspiracy to

commit money laundering, concealment of money laundering, engaging in monetary transactions involving money laundering, and aiding and abetting the operation of an unlicensed money transmitting business.  He contends that the district court committed reversible error by admitting FBI Special Agent Evan Hurley's testimony about how Bostic's financial activity was "indicative" of his knowledge that funds in his bank accounts were fraudulently obtained.  After careful review, we affirm.

## I.

We ordinarily review a district court's rulings on the admissibility of trial testimony for an abuse of discretion.  *United States v. Hawkins*, 934 F.3d 1251, 1264 (11th Cir. 2019).  However, "when a party fail[s] to object to an evidentiary ruling at trial, we review only for plain error."  *United States v. Graham*, 981 F.3d 1254, 1260 (11th Cir. 2020).  "To preserve an issue for appeal, a party must object in a way that is sufficient to apprise the trial court and the opposing party of the particular grounds upon which appellate relief will later be sought."  *United States v. Beach*, 80 F.4th 1245, 1254 (11th Cir. 2023) (citation modified).

To prevail on plain error review, a party must establish three conditions.  "First, there must be an error that has not been intentionally relinquished or abandoned.  Second, the error must be plain—that is to say, clear or obvious.  Third, the error must have affected the defendant's substantial rights."  *Hawkins*, 934 F.3d at 1264 (quotation marks omitted).  If these first three conditions are met, a court "may exercise its discretion to notice a forfeited error,

25-11736                Opinion of the Court                3

but only if the error seriously affected the fairness, integrity, or public reputation of judicial proceedings." *United States v. Hernandez*, 906 F.3d 1367, 1370 (11th Cir. 2018) (quotation marks omitted).

An error is a "[d]eviation from a legal rule." *United States v. Olano*, 507 U.S. 725, 732–33 (1993). An error is plain when it is "obvious" and "clear under current law." *United States v. Madden*, 733 F.3d 1314, 1322 (11th Cir. 2013) (quotations marks omitted). A plain error affects the defendant's substantial rights when the error is "prejudicial" or "affected the outcome of the district court proceedings." *Olano*, 507 U.S. at 734. We need not reverse a conviction if the evidentiary error "had no substantial influence on the outcome and sufficient evidence uninfected by error supports the verdict." *United States v. Fortenberry*, 971 F.2d 717, 722 (11th Cir. 1992).

## II.

Bostic argues that the district court plainly erred when it allowed Agent Hurley to repeatedly summarize the evidence and effectively spoon-feed his interpretations of the evidence to the jury.[1] We agree that the district court did in fact commit plain error.

---

[1] At trial, Bostic did object to Agent Hurley's application of the three steps of money laundering to one of his transactions. We would normally review this ruling by the district court for abuse of discretion because it was properly preserved. *United States v. Hawkins*, 934 F.3d 1251, 1264 (11th Cir. 2019). However, like *Hawkins*, we find that a singular "tepid" objection to the ongoing testimony by Agent Hurley is not sufficient to preserve abuse-of-discretion review. *Id.*

Agent Hurley testified that Bostic's financial activity was "indicative that Mr. Bostic knew that the money he got was a problem, and that he went to great lengths to attempt to hide that money by making these complex transactions and distancing that money from the origin, which was criminal proceeds because he knew it was a crime." This testimony was a clear and obvious error because Agent Hurley opined on the mental state or knowledge of the defendant that constituted an element of the crime charged. *See* Fed. R. Evid. 704(b); *see also Hawkins*, 934 F.3d at 1264–67.

But Bostic has not shown that the error affected his substantial rights. Although the government relied on Agent Hurley's improper testimony, other testimony unaffected by error supported Bostic's knowledge and mental state regarding the transactions. For example, Ronald Vargas, a co-conspirator, testified about the role of the "Promoter," who would receive the stolen funds in his account and later disburse them. Vargas did not know the name of the Promoter, but he knew that the Promoter owned the company WolfPack Ent., LLC (WolfPack). Agent Hurley testified extensively to Bostic's financial activity, including the activity of his business account for Wolfpack. [2] While testifying in his own de-

---

[2] The district court neither abused its discretion nor plainly erred by admitting the remainder of Agent Hurley's testimony. Agent Hurley had over ten years of experience as an FBI agent in Tallahassee handling white collar crime and money laundering. He testified about the three steps of money laundering and separately explained the relevant transactions in Bostic's accounts. This

25-11736                Opinion of the Court                5

fense, Bostic told the jury that he owned WolfPack. And then Bostic testified to his rationale for engaging in numerous withdrawals and intra-account transfers between January and March 2022. There is sufficient alternative evidence unaffected by error to support the conclusion that Bostic had the requisite mental state. *Fortenberry*, 971 F.2d at 722. Thus, even if the district court committed a plain error, this error did not seriously affect the fairness, integrity, or public reputation of the judicial proceedings. *See United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005). Accordingly, we affirm.

   **AFFIRMED.**

---

testimony, including the corresponding evidence introduced by the government, was permissible based on his experience in law enforcement. *United States v. Burchfield*, 719 F.2d 356, 358 (11th Cir. 1983). The inference of fraud was properly left to the jury to decide. *United States v. Stahlman*, 934 F.3d 1199, 1220 (11th Cir. 2019).